Liu v. Whitaker

BIA
Loprest, IJ
A206 053 323

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

PRESENT:
>JOHN M. WALKER, JR.,
>JOSÉ A. CABRANES,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

PINGPING LIU,
>*Petitioner,*

>v.                                          16-3936
                                             NAC

MATTHEW WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, Esq., New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Derek C. Julius,
                         Assistant Director; Anthony O.
                         Pottinger, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pingping Liu, a native and citizen of the People's Republic of China, seeks review of a November 7, 2016, decision of the BIA affirming an April 14, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pingping Liu,* No. A206 053 323 (B.I.A. Nov. 7, 2016), *aff'g* No. A206 053 323 (Immig. Ct. N.Y. City Apr. 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of

2

the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , and the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Liu was not credible as to her claim that family planning officials forcibly terminated her pregnancy.

The agency reasonably relied in part on Liu's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding is supported by the record, which reflects that Liu became hesitant and less responsive on cross-examination thus giving the impression that she sought time to formulate answers rather than testified from memory.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that Liu's

3

testimony that she was hospitalized for three days and homebound for one month after suffering a uterine infection as a result of her abortion was inconsistent with statements from her mother and husband who did not mention that Liu was hospitalized or homebound despite describing in detail her other post-abortion issues. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 78 (2d Cir. 2018) ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). The agency also reasonably found that Liu changed her description of the nature of her family planning violation from serious to less serious depending on the nature of the questions posed in an effort to bolster her claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

There is no merit to Liu's argument that the IJ failed to make her sufficiently aware of the inconsistencies in the record or the potential credibility issues in her case, given that the Government questioned Liu about the different descriptions of her post-abortion medical treatment and the IJ repeatedly noted the Government's issues with her

4

credibility. Further, she has not proffered any explanations for the record inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found Liu's credibility as to the involuntary nature of her abortion undermined by her submission of an abortion certificate and a family planning decision ordering her punished with an abortion and fine. We have held that the agency does not err in determining that the submission of an "abortion certificate" from China undermines credibility about an assertedly involuntary abortion because the State Department has reported that China issues "abortion certificates" for voluntary abortions, not forced abortions, so that the individuals who have undergone voluntary abortions may obtain leave from work. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Similarly, given that country conditions evidence in the record suggests that the use of force is prohibited under the family planning

policy and that government officials deny using involuntary abortions as a punishment under the policy, the agency did not err in finding it implausible that the Chinese government would issue a decision ordering Liu punished with an abortion. Her submission of such a document therefore impugned her credibility. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if the "finding is tethered to record evidence" or based on common sense).

Having questioned Liu's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to afford weight to the unsworn letter from Liu's mother in China. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to husband's letter

because it was unsworn and from an interested witness). And, as discussed above, Liu's abortion certificate and punishment decision impugned rather than rehabilitated her claim of an involuntary abortion. Although the parties stipulated that Liu's husband would testify in conformity with his affidavit and letter, the agency was not compelled to conclude that his statements alone would be sufficient to rehabilitate Liu's claim that she was forced to have an abortion given that he was not a first-hand witness and, as discussed above, his letter omitted that Liu was hospitalized and homebound from a post-abortion infection. *See Biao Yang*, 496 F.3d at 273.

Given the demeanor, inconsistency, implausibility, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence and is dispositive of asylum, withholding of removal, and CAT relief.* *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

---

* Contrary to the BIA's conclusion, Liu did not waive his claims for withholding of removal and CAT relief. The IJ denied those claims because Liu failed to testify credibly; thus Liu's challenge to the adverse credibility determination on appeal to the BIA necessarily included a challenge to the denial of withholding and CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court